IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>v.<br><br>Michael Pengchung Lee | **JUDGMENT IN A CRIMINAL CASE**<br><br>CR-23-01694-001-TUC-RM (MAA)<br><br>Thomas Edward Higgins, Jr. (Retained)<br>Attorney for Defendant |

USM#: 84098-510

**THE DEFENDANT ENTERED A PLEA OF** guilty on April 10, 2024, to the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THE DEFENDANT GUILTY OF THE FOLLOWING OFFENSE:** violating 18 U.S.C. § 875(c): Interstate Threats, a Class D Felony offense, as charged in the Indictment.

**IT IS THE JUDGMENT OF THE COURT** the defendant be committed to the custody of the Bureau of Prisons for a term of **SIXTEEN (16) MONTHS** with credit for time served. Upon release from imprisonment, the defendant will be placed on supervised release for a term of **THREE (3) YEARS**.

**IT IS ORDERED** the Sentence imposed shall run **consecutively** to the anticipated state term of imprisonment in Pima County Superior Court case: CR20234354-001.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00     **FINE:** WAIVED     **RESTITUTION:** N/A

The defendant shall pay a special assessment of $100.00 which shall be due immediately.

The Court **FINDS** the defendant does not have the ability to pay a fine and **ORDERS** the fine waived.

The defendant shall pay a total of $100.00 in criminal monetary penalties due immediately. Having assessed the defendant's ability to pay, any remaining balance of the total criminal monetary penalties is due at a rate of $20.00 per month to commence two (2) months following the defendant's release from custody.

If incarcerated, payment of criminal monetary penalties is due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to 18 U.S.C. § 3013 for the Indictment.

Case 4:23-cr-01694-RM-MAA   Document 51   Filed 07/02/24   Page 2 of 5

CR-23-01694-001-TUC-RM (MAA)                                                                 Page 2 of 5
USA vs. Michael Pengchung Lee

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments, and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

**IT IS ORDERED** while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision adopted by this Court in General Order 17-18 which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1) You must not commit another federal, state, or local crime.

2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.

3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

## STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

Case 4:23-cr-01694-RM-MAA   Document 51   Filed 07/02/24   Page 3 of 5

CR-23-01694-001-TUC-RM (MAA)                                                    Page 3 of 5
USA vs. Michael Pengchung Lee

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13) You must follow the instructions of the probation officer related to the conditions of supervision.

CR-23-01694-001-TUC-RM (MAA)                                                                    Page 4 of 5
USA vs. Michael Pengchung Lee

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard conditions:

1) You must participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. If substance use treatment includes inpatient treatment, and you object, the probation officer must seek court authorization first. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

2) You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.

3) You must submit your person, property, house, residence, vehicle, papers, or office to searches to be conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

4) You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

5) You must cooperate in the collection of DNA as directed by the probation officer.

6) You will **NOT** have any contact with the University of Arizona or any victim or victims related to the instant offense. Contact includes E-mail and social media. Further, you may **NOT** be physically present on any of the University of Arizona campuses.

7) You must participate in the Location Monitoring Program for a period of 180 days utilizing technology at the probation officer's discretion and must abide by all technology requirements. Under the sanction of home detention, you are restricted to your residence all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer. You must follow all the program rules and pay all or part of the costs of participation in the location monitoring program as directed by the Court and/or probation officer.

8) You must pay any remaining balance of the $100.00 special assessment fee at a rate of $20.00 per month commencing two (2) months following your release from imprisonment.

Case 4:23-cr-01694-RM-MAA   Document 51   Filed 07/02/24   Page 5 of 5

CR-23-01694-001-TUC-RM (MAA)                                                    Page 5 of 5
USA vs. Michael Pengchung Lee

The Court may change the conditions of supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of supervised release.

**THE COURT FINDS** you have been sentenced in accordance with the terms of the plea agreement and have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court **ORDERS** commitment to the custody of the Bureau of Prisons.

Date of Imposition of Sentence: **July 2, 2024**

Dated this 2nd day of July, 2024.

_____
Honorable Rosemary Márquez
United States District Judge

**RETURN**

I have executed this Judgment as follows: _____

defendant delivered on _____ to _____ at _____ , the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

_____                         _____
United States Marshal                      By:         Deputy Marshal